UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------X
UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

       -against-

88 CR 746-1 (RJD)
18 CV 7472  (RJD)

DELROY EDWARDS,

                 Defendant.
-----------------------------------------------------X
DEARIE, District Judge.

      Defendant Delroy Edwards was convicted after a jury trial in 1989 of 42 charges,

including racketeering, managing a continuing criminal enterprise ("CCE"), six murders, one

maiming, eleven assaults and one kidnapping all arising out of his supervision of a large and

extraordinarily violent narcotics enterprise operating in Brooklyn, Philadelphia, Baltimore and

Washington, D.C.  Edwards was sentenced to seven consecutive life sentences, three additional

consecutive five-year terms (pursuant to the version of 18 U.S.C. §924(c) then in effect), and a

series of concurrent sentences totally approximately 450 years.  See ECF 94-4 (Judgment dated

Dec. 15, 1989).  The Second Circuit affirmed except as to the Count 3 narcotics conviction under

21 U.S.C. §846, holding, on the government's concession, that that crime was a lesser included

offense of the Count 2 CCE conviction.  Edwards v. United States, 916 F.2d 708 (2d Cir. Sept.

19, 1990), cert. denied, 498 U.S. 1052 (Jan. 14, 1991).  On remand, this Court amended the

judgment to "combine[]" the judgments on the CCE and narcotics conspiracy counts and

imposed a single term of life on the "combined" counts.  See ECF 94-5.

      More than twenty-seven years later, in August 2018, Edwards submitted the pro se

application that is now before the Court, styled as a motion seeking relief under Rule 60(b) of the Federal Rules of Civil Procedure "or" 28 U.S.C. § 2255. ECF 89 at 2. In it, Edwards raises legal challenges to the validity of seven of his counts of conviction. With respect to Counts 13 and 17, which each charge possession with intent to distribute in violation of 21 U.S.C. § 841(a)(1), <u>see</u> ECF 94-4 (Judgment), Trial Tr. at 3623-3624, 3666 (Court's charge), Edwards argues that they should be vacated as lesser-included offenses of the CCE count. (In doing so, he plainly misapprehends that, unlike Count 3, they do *not* charge the lesser-included-offense of narcotics *conspiracy*). Separately, and again misconstruing a possession charge as a conspiracy charge, Edwards also argues that Count 17 should be vacated on the ground that he has "no co-conspirators" in relation to that charge and "cannot conspire alone." ECF 89 at 3.

Edwards also seeks vacatur of convictions on Counts 19, 33, 37, 38 and 40, which each charged a violent crime in aid of racketeering activity in violation of 18 U.S.C. § 1952B(a)(1) ("VICAR").[1] He argues, first, that they should be dismissed because of the government's alleged failure to disclose material pursuant to 18 U.S.C. § 3500 and Fed. R. Crim. P. 26.2 relating to cooperating witness Stanley McCall (hereinafter, the "McCall disclosure claim"). McCall was one of fifteen members of the Edwards enterprise who pleaded guilty and testified against Edwards at trial pursuant to cooperation agreements with the government. With respect to McCall, Edwards asserts specifically that "[t]he government erred when [it] did not turn over documents and notes until 24 h[ours] before trial stating they fear for the witness[es'] lives," and

---

[1] Section 1952B was later recodified as 18 U.S.C. § 1959. The five VICAR counts involved the murders of Keith Jones (Count 19), Terry McCardin (Count 33), Norman Allwood (Count 37) and Anthony Middleton (Count 38) and the kidnapping of Wayne Millein (Count 40). <u>See</u> ECF 94-3 (Gov't App. Brief); ECF 94-4 (Judgment); Trial Tr. at 3679-80, 3699 (Court's Charge).

that "the government never turn[ed] over (1) guilty 'perjured' plea made before" trial. ECF 89 at

4. Edwards points to a reference to this "second plea agreement" of McCall's in a footnote in

the Second Circuit's decision in McCall's appeal, issued in September 1990, as "newly

discovered evidence." ECF 89-1; United States v. McCall, 915 F.2d 811 (2d Cir. 1990).[2]

According to the government's submission on this motion, however, it is clear that the transcript

of the second plea proceeding—during which the terms of the plea agreement were set forth—

was produced as §3500 material. See ECF 94 at 2, 8; ECF 94-2 (Transcript of Plea dated March

13, 1989, marked as Government Exhibit 3500-5E).

Additionally, Edwards says these five counts must be vacated because the Court failed to

charge the jury on "willingness," which he asserts is an essential element of each VICAR count.


**DISCUSSION**

Although Edwards principally invokes Federal Rule of Civil Procedure 60(b) and 28

U.S.C. § 2255 only in the alternative, his application must be treated as a motion for relief under

Section 2255 because it attacks the validity of his criminal conviction, not any prior habeas or

other civil proceeding from which relief can be sought through Rule 60(b). See generally

Gonzalez v. Crosby, 545 U.S. 524, 528 et seq. (2005) (discussing purpose and operation of Rule

60(b)); Rodriguez v. Mitchell, 252 F.3d 191, 198 (2d Cir. 2001) (discussing the "different

objectives" of a Rule 60(b) motion and Section 2255 petition).

---

[2] The decision reports that "[s]ometime after his plea, the government discovered that McCall had lied about being present at a shooting in March 1987," and that "[a] second plea agreement ensued, pursuant to which McCall agreed to plead guilty to two counts of making false statements to a federal officer." Id. at 816, n.2.

To be timely, a motion for Section 2255 relief must be brought within one year of the latest of:

> (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In the context of a Section 2255 motion, "[f]inality attaches when…[the Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). The Supreme Court denied Edwards's petition for certiorari on July 14, 1991, and he did not file his current application until August 6, 2018, more than 27 years later and well beyond the one-year limitations period of Section 2255(f)(1).

Although Edwards does not address timeliness, his pro se petition papers must be construed liberally "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted). By fashioning his McCall disclosure claim as based on "newly discovered evidence," Edwards arguably invokes potential timeliness under Section 2255(f)(4). "Under [section] 2255(f)(4), the one-year time period begins to run 'when a duly diligent person in petitioner's circumstances would have discovered' the facts supporting a particular claim." Hoyte v. United States, 2014 WL 2800763, at *3 (E.D.N.Y. June 19, 2014) (internal citation and

quotation omitted).

The facts supporting the McCall disclosure claim were fully knowable to a duly diligent person in Edwards's circumstances *long ago*, and certainly well before the one-year period before he filed his current application.  The branch of the McCall claim complaining that the government turned over documents only 24 hours before trial is obviously based on facts known at the time of trial, while the branch based on the nondisclosure of McCall's second plea agreement is—accepting Edwards's assertions—based on a publicly reported 1990 decision. Edwards does not, nor could he in good faith, assert that he was denied, for nearly 27 years, the necessary access to the research tools or venue through which this decision could become available to him.  His application is therefore not timely under Section 2255(f)(4).  With nothing in Edwards's assertions triggering consideration of subparagraphs (2) or (3) of Section 2255(f), his application for Section 2255 is plainly time-barred.

Even assuming Rule 60(b) were applicable, Edwards's motion would be equally time-barred.  His papers recite two of the grounds the rule lists as bases for relief from judgment: "newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)," and "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(2), (6).  Rule 60(c) provides, however, that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."  Id. (c).  The filing in 2018 of a challenge to a 1991 judgment plainly exceeds reason (2)'s one-year limitations period and any sound measure of the "reasonable" period required for reason (6).

In the rare circumstance of an application that is more than a quarter-century late and

5

without any conceivable claim to timeliness, the Court declines to reach the additional threshold

matter of procedural default or to address the merits.

## CONCLUSION

For the reasons discussed, the application of defendant Delroy Edwards for relief under

28 U.S.C. § 2255 (ECF 89), filed more than two decades after the expiration of the statutory

limitations period, is dismissed as time-barred.  Because Edwards has not "made a substantial

showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of

appealability will not issue.  This closes the corresponding civil matter, 18 CV 7472.

SO ORDERED.

Dated: Brooklyn, New York
       July 2, 2021

_____s/_____
RAYMOND J. DEARIE
United States District Judge